NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DINA AZUCENA RABANALES-FUENTES,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-71737<br><br>Agency No. A095-753-964<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Dina Azucena Rabanales-Fuentes, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and relief under the Convention

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims and we review for substantial evidence the agency's factual findings. *Vilchez v. Holder*, 682 F.3d 1195, 1198-99 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Contrary to Rabanales-Fuentes's contention, the BIA did not streamline her case.

Rabanales-Fuentes does not challenge the agency's dispositive finding that her asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Rabanales-Fuentes's asylum claim.

Substantial evidence supports the agency's determination that Rabanales-Fuentes failed to establish past persecution or a likelihood of future persecution from gangs on account of a protected ground if returned to Guatemala. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[petitioner's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (under the REAL ID Act, an applicant must prove

a protected ground is at least 'one central reason' for persecution). Thus, Rabanales-Fuentes's withholding of removal claim fails.

Rabanales-Fuentes' CAT claim also fails because she did not demonstrate it is more likely than not that she would be tortured by or with the consent or acquiescence of a public official if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review the agency's denial of voluntary departure. *See* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (this court's jurisdiction over decisions regarding voluntary departure is limited to constitutional claims or questions of law).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**